## GILBERT v. NEAL.

Where an attorney at law, appointed curator *ad hoc* to represent an absentee and defend an action instituted against him, is afterwards retained by the latter as his counsel, an *ex parte* order of the court, made at the time of rendering final judgment in the case, allowing him a certain fee for his professional services, but made without the assent of the counsel, and not subsequently acquiesced in by him, is not a judgment, and cannot be pleaded as *res judicata* to an action by the counsel, on his contract with the client, for the compensation due for his professional services. *Per Curiam:* The order decreeing a sum to be paid to the attorney, who was no party to the action, was not a judgment. There were no parties before the court between whom such a decree could be rendered.

APPEAL from the District Court of Caddo, *Campbell*, J. *Gilbert*, appellant, *pro se. Landrum*, on the same side. *Crain*, for the defendant. The judgment of the court was pronounced by

KING, J. The defendant having been sued as an absentee, the present plaintiff, *Gilbert*, was appointed by the court the curator *ad hoc* to represent him, and defend the suit. Subsequently the defendant retained *Gilbert* as his counsel. At the trial of the cause *Gilbert* was not present, but was represented by other counsel provided by himself.* In the final judgment rendered a sum of fifty dollars was taxed by the court, as a fee to be paid by the defendant to his attorney, for his professional services rendered in defending the suit. The plaintiff, who was not present when the decree was rendered, is not shown to have assented to the sum fixed by the court as his compensation, nor to have acquiesced subsequently in that part of the judgment; but, on the contrary, he appears previous to that date to have commenced the present action by attachment, claiming $400 as his fee, for his services under his professional engagement. To this claim the defendant opposed a plea of *res judicata*, averring that the plaintiff's compensation had been finally determined by a judicial decree. The plea was sustained, and the plaintiff's claim rejected. From that judgment the plaintiff has appealed.

The order of the court decreeing a sum to be paid to the plaintiff, who was no party to the suit, was not a judgment, and could not be enforced as such. It was an *ex parte* order, which the judge was without authority to grant. There were no parties before the court, between whom such a decree could be rendered. 9 La. 88. 11 Ib. 267. The plaintiff founds his claim upon his contract with the defendant. The evidence fixes the value of his services at $250; and for that sum we think he is entitled to a judgment.

The judgment of the District Court is therefore reversed. It is further ordered that the plaintiff recover of the defendant the sum of $250, and that he have the privilege of an attaching creditor upon the property attached. It is further ordered, that the defendant pay the costs of both courts.

---

* The evidence shows that *Mr. Gilbert* was absent from indisposition.—R.